UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>Sam Douglas,<br><br>Debtor. | Chapter 7<br><br>Case No. 08-23258 (RDD) |
| Mark S. Tulis, Chapter 7 Trustee of the Estate of Sam Douglas,<br><br>Plaintiff,<br><br>v.<br><br>JPMorgan Chase Bank, N.A.,<br><br>Defendant. | Adversary Proceeding No.:<br><br>18-08266 (RDD) |

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANT'S MOTION TO DISMISS THE ADVERSARY PROCEEDING**

Leonard P. Marinello, Esq. (LM-7362)
Bonchonsky & Zaino, LLP
Litigation Counsel for Defendant
JPMorgan Chase Bank, N.A.
226 Seventh Street – Suite 200
Garden City, New York 11530
Tel.: (516) 747-1400
Fax: (516) 747-1455
E-mail: lmarinello@bzlawny.com

**PRELIMINARY STATEMENT**

Defendant, JPMORGAN CHASE BANK, N.A., ("Defendant") submits this motion (including the declaration of Leonard P. Marinello, Esq. dated August 14, 2018 ("Marinello Declaration") in support) to i) dismiss Plaintiff's adversary complaint (the "Complaint") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, made applicable by Bankruptcy Rule 7012(b), on the basis of i) failure to state a claim upon which relief may be

1

granted, and ii) grant such other and further relief as the Court deems just and proper. The instant adversary proceeding was commenced by Plaintiff alleging three claims for relief, to wit, violation of the automatic stay, civil contempt, and seeking a declaratory judgment.

Plaintiff's core allegation is that JPMORGAN CHASE BANK, N.A. ("Chase" or "Defendant") violated the automatic stay in bankruptcy by proceeding with the foreclosure sale of the premises known as 5150 Woodland Avenue, Carmel, New York 10512 (the "Premises"). Plaintiff entire action is based upon the false assertion that Chapter 13 bankruptcy petition of the debtor, SAM DOUGLAS (the "Debtor") had not been dismissed at the time of the sale. A review of the documentary evidence reveals that the bankruptcy petition was in fact dismissed and that there was no stay in effect at the time of the sale.

### THE FACTUAL ALLEGATIONS IN PLAINTIFF'S COMPLAINT ARE BELIED BY THE DOCUMENTARY EVIDENCE

Plaintiff makes conclusory and self-serving allegations in the Complaint including but not limited to disparaging and unsupported statements regarding the Defendant's prior counsel and regarding an alleged phone call the Debtor received from a former employee of the Defendant (who is characterized as a "whistleblower") several years after the foreclosure sale of the Premises. None of this can undercut the fact that the bankruptcy case was dismissed and closed at the time of the sale of the Premises. Hence, it is axiomatic that there can be no violation of the automatic stay when there was no stay in effect due to the dismissal of the bankruptcy case. This is proven by the documentary evidence which cannot be disputed by the Plaintiff.

The bankruptcy court docket (see Marinello Declaration **Exhibit "A"**) references two distinct and different Orders in items "16" and "17" on the docket. Item "16" is a "Conditional

2

Order **signed on 2/2/09** Granting Motion for Relief from Stay". This item was **entered on 2/3/09**. The Conditional Order related to docket item #11 which was Defendant's motion for relief from stay.

Item "17" is an "Order **signed on 2/3/09** Granting Motion To Dismiss Case For Failure to Make Plan Payments". This item was **entered on 2/4/09**. The Dismissal Order related to docket item #14 which was the Chapter 13 Trustee's motion to dismiss the bankruptcy case due to, among other things, the Debtor's failure to make Chapter 13 plan payments.

On December 4, 2008, the Chapter 13 Trustee filed a motion to dismiss the bankruptcy case due to, among other things, the Debtor's failure to make plan payments (see Marinello Declaration **Exhibit "B"**). Included with the motion was a proposed Order dismissing the case *"with prejudice"*. It is undisputed that the Debtor did not oppose the motion as admitted in Plaintiff's Complaint (see page "8", paragraph "32").

On February 4, 2009, the Court issued a "NOTICE OF DISMISSAL OF CASE" to all intended notice recipients, including but not limited to the Debtor, Chase and Chase's then counsel (see Marinello Declaration **Exhibit "C"**). The Notice stated "[a]n order of dismissal was entered by the Honorable Adlai S. Hardin Jr. on February 4, 2009 in this Chapter 13 case".

It is plainly evident that there were in fact two distinct and separate Orders signed and entered by the Court, i.e., a Conditional Order dated February 2, 2009 and entered on February 3, 2009 **and** a Dismissal Order dated February 3, 2009 and entered on February 4, 2009. The different signature and entry dates and document descriptions indicated by the Court Clerk in the docket are evidence that there were in fact two separate Orders. It is through no fault of Defendant if the Court Clerk inadvertently uploaded the Conditional Order twice.

3

Subsequent to the dismissal, on March 28, 2009 the Chapter 13 Trustee filed a final report and account indicating the case was closed and dismissed and refunding the only payment received ($3,501.39) to the Debtor (see Marinello Declaration **Exhibit "D"**).

An ensuing Order dated April 24, 2009 discharging the Trustee and closing the bankruptcy case was filed on April 26, 2009 (see Marinello Declaration **Exhibit "E"**).

It was only after the dismissal and closure of the Chapter 13 bankruptcy case that Defendant issued a Notice of Sale dated 6/11/09 scheduling a foreclosure auction sale of the Premises on 7/14/09 (see Marinello Declaration **Exhibit "F"**). The sale was held on July 14, 2009 and the Referee's Report of Sale was duly entered on September 28, 2009 (see Marinello Declaration **Exhibit "G"**). As is evident from the Putnam County Supreme Court Clerk's Minutes in the underlying foreclosure action, there was no litigation activity between 7/29/08 and 9/28/09 (see Marinello Declaration **Exhibit "H"**) and the underlying Judgment of Foreclosure and Sale was entered on June 30, 2008 (see Marinello Declaration **Exhibit "I"**), prior to the Debtor's Chapter 13 Bankruptcy filing on August 31, 2008.

The Debtor presents no evidence that the Defendant took any action with respect to the underlying foreclosure action during the stay period, to wit, between the date of the Chapter 13 Bankruptcy case filing (8/31/08) and the date of entry of the Dismissal Order (2/4/09).

Inasmuch as the case was dismissed at the time of the foreclosure auction sale, it is evident that the sale was not in violation of the automatic stay, and the Plaintiff's first cause of action in the Complaint must be dismissed. Moreover, as there was no violation of the automatic stay, then it is axiomatic that Plaintiff's second and third causes of action for Civil Contempt and Declaratory Judgment are equally without merit and must similarly be dismissed.

## LEGAL ARGUMENT

### A. STANDARD OF REVIEW

Under Rule 12(b)(6), the inquiry is whether a complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *accord Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. To survive a motion to dismiss, a complaint must supply "factual allegations sufficient 'to raise a right to relief above the speculative level.' " *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). The Court must take all material factual allegations as true and draw reasonable inferences in the non-moving party's favor, but the Court is " 'not bound to accept as true a legal conclusion couched as a factual allegation,' " or to credit "mere conclusory statements" or "[t]hreadbare recitals of the elements of a cause of action." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

In determining whether a complaint states a plausible claim for relief, a district court must consider the context and "draw on its judicial experience and common sense." *Id.* at 662. A claim is facially plausible when the factual content pleaded allows a court "to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

When evaluating a complaint under Fed.R.Civ.P. 12, the court must accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the non-moving party. *Dangler v. New York City Off Track Betting Corp.*, 193 F.3d 130, 138 (2d Cir. 1999).

In adjudicating a motion to dismiss, "A complaint is deemed to include any written instrument attached to it as an exhibit, materials incorporated in it by reference, and documents that, although not incorporated by reference, are integral to the complaint". *In re Assante*, 470 B.R. 707, 711 (S.D.N.Y. May 22, 2012) quoting from *Sira v. Morton*, 380 F.3d 57 (2d Cir. 2004); see also *Chambers v. Time Warner, Inc.* 282 F.3d 147, 152-53 (2d Cir. 2002).

### B. PLAINTIFF'S COMPLAINT FAILS TO PLEAD A PLAUSIBLE CLAIM AND MUST BE DISMISSED PURSUANT TO RULE 12(b)(6)

"In order to survive a motion to dismiss under Rule 12(b)(6), a complaint must allege a plausible set of facts sufficient "to raise a right to relief above the speculative level". See *Swiatkowski v. Citibank*, 745 F.Supp.2d 150, 162 (E.D.N.Y. October 7, 2010), aff'd 446 F. App'x 360 (2d Cir. 2011)(citing to *Operating Local 649 Annuity Trust Fund v. Smith Barney Fund Mgmt, LLC*, 595 F.3d 86, 91 (2d Cir. 2010).

Although the court must accept the factual allegations set forth in Plaintiff's complaint as true, as previously noted, threadbare recitals and conclusory statements unsupported by specific facts are not entitled to such credence. See *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

Fed.R.Civ.P 8(a) also provides that a complaint must include a short and plain statement of the claim showing that the pleader is entitled to relief. A complaint must give the Defendant fair notice of what the Plaintiff's claim is and the grounds upon which it rests.

Plaintiff's Complaint rests entirely on the allegation that Defendant willfully violated the automatic stay in bankruptcy. However, Plaintiff's Complaint is belied by the documentary evidence which demonstrates that the Chapter 13 case was dismissed by a Dismissal Order dated 2/3/09 and entered on the docket on 2/4/09. If allegations in the Complaint are clearly contradicted by documents incorporated into the pleadings by reference, then the Court need not

6

accept the Complaint's allegations as true. *Labajo v. Best Buy Stores, L.P.*, 478 F. Supp.2d 523, 528 (S.D.N.Y. 2007). If Plaintiff's allegations are contradicted by such a document, those allegations are insufficient to defeat a motion to dismiss the Complaint. *Matusovsky v. Merrill Lynch*, 186 F.Supp.2d 397, 400 (S.D.N.Y. 2002). See also *MBIA Inc. v. Certain Underwriters at Lloyd's*, 33 F. Supp. 3d 344, 353 (S.D.N.Y. 2014) ("Allegations in the complaint that are 'contradicted by more specific allegations or documentary evidence' are not entitled to a presumption of truthfulness.") (quoting *Kirkendall v. Halliburton, Inc.*, 707 F.3d 173, 175 n.1 (2d Cir. 2013) ).

"While a court deciding a motion to dismiss must generally accept the complaint's factual allegations as true, it is permitted to reject the truthfulness of those allegations when they are contradicted by matters of which judicial notice may be taken". *Tavares v. New York City Health & Hosps. Corp.*, 13-CV-3148 (PKC) (MHD), 2015 WL 158863, at *3 (S.D.N.Y. Jan. 13, 2015).

The contents of a minute book of the Clerk of the Court are an appropriate subject of judicial notice. *Deal v. Meenan Oil Co.*, 153 A.D.2d 665, 544 N.Y.S.2d 672 (2d Dept. 1989). The bankruptcy court docket (see Marinello Declaration **Exhibit "A"**), i.e., the "minute book", specifically indicates that Item "17" is an "Order signed on 2/3/09 Granting Motion To Dismiss Case For Failure to Make Plan Payments".

The accompanying Notice of Dismissal of Case dated February 4, 2009 (see Marinello Declaration **Exhibit "C"**) referencing the Dismissal Order dated February 3, 2009 and also entered on February 4, 2009 is additional evidence that the bankruptcy case was in fact dismissed, despite that fact that the Court Clerk failed to upload the actual Dismissal Order and may have inadvertently uploaded the Conditional Order twice. In a separate Order dated April

7

24, 2009 and entered on April 26, 2009, the bankruptcy case was closed (see Marinello Declaration **Exhibit "E"**).

An order of dismissal terminates the automatic stay. *V & R Fine Art, Inc. v. One Oil on Canvas Painting Entitled Brickyard Shed, by Arthur Dove*, 08-CV-5031 (WHP), 2009 WL 637156, at *3 (S.D.N.Y. Feb. 13, 2009), *citing*, *In re Garnett*, 303 B.R. 274, 278 (E.D.N.Y.2003).

*In re Garnett* contains the following lengthy discussion of the implications of a dismissal order with respect to an underlying foreclosure action that had been stayed by the bankruptcy:

"Section 349 of the Bankruptcy Code explains the effect of a dismissal of the bankruptcy petition. It states, in pertinent part, that "unless the court, for cause, orders otherwise, a dismissal of a case ... revests the property of the estate in the entity in which such property was vested immediately before the commencement of the case." 11 U.S.C. § 349(b)(3) (2003). Thus, dismissal undoes the bankruptcy estate, by returning ownership of the estate's property to the pre-filing owner. Consequently, there simply is no bankruptcy estate after the dismissal has been entered. Although the case law on this specific question is scant, the First Circuit has considered the question and has said, "[i]t seems self-evident that there is no 'estate' and hence no 'property of the estate' unless there is an existing petition." *In re Saez*, 721 F.2d 848, 851 (1st Cir.1983).

Additionally, several courts have held that the automatic stay terminates once the dismissal order is docketed. *See In re Doherty*, 229 B.R. 461, 463 (Bankr.E.D.Wash.1999) (citation omitted); *In re Saez*, 721 F.2d at 851. Section 362(c)(1) of the Bankruptcy Code clearly supports this proposition, stating that "the stay of an act against property of the estate ... continues until such property is no longer property of the estate." § 362(c)(1). Since dismissal

revests the property of the estate in the party that owned it prior to the filing of the petition, the estate has no property once the petition has been dismissed. *See* 11 U.S.C. § 349(b)(3).

Thus, dismissal of the bankruptcy petition has the simultaneous effect of undoing the bankruptcy estate and lifting the automatic stay, just as the filing of the petition creates the bankruptcy estate and imposes the automatic stay. *See* 11 U.S.C. § 541 (2003) (stating that filing of the petition creates the bankruptcy estate). In the period between the filing and dismissal of the petition the case is "pending," and the bankruptcy court has exclusive jurisdiction over the property of the debtor and of the estate during that interval. Once the case is dismissed and is no longer pending, the bankruptcy court is divested of exclusive jurisdiction over the property of the Debtor. The question in that case becomes what jurisdiction, if any, the court may exercise over the debtor's property in the post-dismissal context. Since there is no post-dismissal stay of actions against the debtor, or the debtor's property, Appellant was free to resume his foreclosure action once the dismissal had been docketed."

Thus, the automatic stay that went into effect upon the filing of the bankruptcy petition was terminated. See 11 U.S.C. §362[c][2][A], [B]. See also *Wells Fargo Bank, N.A. v. Ranalli*, 140 A.D.3d 1156, 34 N.Y.S.3d 494 (2d Dept. 2016).

The Clerk's docket entries and the detailed document description of the Dismissal Order as being an "**Order signed on 2/3/09 Granting Motion To Dismiss Case For Failure to Make Plan Payments**" and indicating that the Order related back to the Chapter 13 Trustee's motion to dismiss and the accompanying Notice of Dismissal and subsequent Order closing the bankruptcy case effectively terminated the automatic stay in bankruptcy and divested the bankruptcy court of jurisdiction over the Debtor's property. The Court docket entries and the totality of the documentary evidence contained therein specifically contradict the Plaintiff's allegation that

9

Defendant willfully violated the automatic stay in bankruptcy and effectively bar the relief sought by the Plaintiff in the adversary proceeding. Moreover, even assuming *arguendo* that the Court does finds that the bankruptcy case was not dismissed and that there was a violation of the stay, given the Court docket entries and the Notice of Dismissal that was issued to Defendant's prior counsel, it is evident that any alleged violation of the automatic stay cannot be deemed to be "willful" on the part of the Defendant. *In re: Ampal-American Israel Corp.*, 502 B.R. 361 (S.D.N.Y. 2013).

Accordingly, Plaintiff's Complaint on its face fails to plead sufficient facts to state any plausible claim for relief against Defendant and should be dismissed.

### C. **PLAINTIFF'S COMPLAINT IS BARRED BY THE EQUITABLE DOCTRINE OF LACHES.**

Although there is no statute of limitations for a claim alleging a violation of the automatic stay, the equitable doctrine of laches has been deemed to be applicable and affords a valid defense to claims that a creditor violated the bankruptcy automatic stay, set forth in 11 U.S.C.A. § 362, including claims for the recovery of damages for violations of the automatic stay and for contempt.

In *Securities Investor Protection Corp. v. Bernard L. Madoff Inv. Securities LLC*, 491 B.R. 27, 57 Bankr. Ct. Dec. (CRR) 244 (S.D.N.Y. 2013), aff'd on other grounds, 762 F.3d 199, 59 Bankr. Ct. Dec. (CRR) 247, 72 Collier Bankr. Cas. 2d (MB) 87, Bankr. L. Rep. (CCH) ¶ 82679 (2d Cir. 2014), the Court held that a Trustee's claim to any relief for an alleged violation of the automatic stay, codified at 11 U.S.C.A. § 362, was barred by the doctrine of laches. The Court found that the doctrine of laches—which prohibits unreasonable, inexcusable and prejudicial delay such as that engaged in by the trustee—provided a complete defense not only to

the issuance of any preliminary injunction, which had to therefore be denied, but to the entirety of the Trustee's action, which had to therefore be dismissed.

Similarly, the Court in *In re White*, 1995 WL 643345 (W.D.N.Y. 1995) upheld the bankruptcy court's denial of the debtors' motion for an order of contempt under 11 U.S.C.A. § 362 for a violation of the automatic stay, on the basis of laches.

In the instant action, more than eight (8) years elapsed between the sale of the Premises and the Debtor's seeking to re-open the bankruptcy case, convert it to Chapter 7, and to vacate the Dismissal Order to facilitate same. Query: If the case had not in fact been dismissed, then there would have been no need for the Debtor to vacate the Dismissal Order in order to proceed with the concocted causes of action. It is evident that the sole purpose of Debtor's re-opening the bankruptcy case and converting it to Chapter 7[1] was to facilitate the commencement of the Plaintiff's adversary proceeding against the Defendant and that this course of action was selected because the Debtor would have been time-barred from seeking relief against the Defendant in any other (and arguably more appropriate) venue.

Clearly, the Debtor was aware of the sale of the Premises at the time it occurred in 2009 and engaged in significant actions with respect to same in the ensuing eight (8) years before seeking to re-open the bankruptcy case, including but not limited to obtaining the surplus monies from the sale in 2015. Nevertheless, the Debtor failed to seek any relief in the underlying foreclosure action or in the Bankruptcy Court at the time the alleged violation of the automatic stay is alleged to have occurred, despite the Debtor's actual knowledge of the underlying occurrences forming the basis for such an allegation, unsubstantiated as it may be.

---

[1] There only two (2) claims filed since the Debtor's case was re-opened and converted to Chapter 7 on 8/29/17. The total amount of the claims is $5,848.12.

11

The Debtor's unreasonable, inexcusable and prejudicial delay in seeking to re-open the bankruptcy case, convert the case to Chapter 7 and to have the Trustee pursue damages for an alleged and unfounded violation of the automatic stay and/or contempt mandates the dismissal of the adversary proceeding on the grounds of *laches*.

Plaintiff makes conclusory and self-serving allegations in the Complaint including but not limited to disparaging and unsupported statements regarding the Defendant's prior counsel and regarding an alleged phone call the Debtor received from a former employee of the Defendant (who is characterized as a "whistleblower") several years after the foreclosure sale of the Premises.

However, over the course the eight (8) year period between the sale of the Premises and the Debtor's seeking to re-open and convert the bankruptcy case, there was substantial activity involving the parties, including but not limited to a post-sale eviction proceeding, an executive office complaint and review proceeding, and the surplus monies proceeding in which the Debtor admittedly obtained the surplus monies from the sale. Thus, the Debtor is hard pressed to show that by waiting more than eight (8) years to seek to re-open and convert the bankruptcy case and thereby delaying the commencement of the instant adversary proceeding by almost nine (9) years after the sale of the Premises, he has not unreasonably and inexcusably "slept on his rights".

Moreover, the extensive delay has caused undue prejudice to the Defendant due to the lack of availability and access to witnesses and other information and documents necessary in the defense of the litigation, including but not limited to the Dismissal Order that was signed on 2/3/09 and entered on 2/4/09 but not uploaded by the Court Clerk. Based on all of the foregoing, Plaintiff's Complaint should be dismissed in its entirety and laches alone may be deemed sufficient to grant the instant motion.

12

## CONCLUSION

Defendant requests that this Court grant its motion to i) dismiss Plaintiff's adversary complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, applicable here by Bankruptcy Rule 7012(b), on the basis of i) failure to state a claim upon which relief may be granted, and ii) grant such other and further relief as the court deems just and proper.

Dated:  Garden City, New York
        August 14, 2018

                                        BONCHONSKY & ZAINO, LLP

                                        By: /s/ Leonard P. Marinello
                                        Leonard P. Marinello, Esq. (LM-7362)
                                        Litigation Counsel for Defendant
                                        JPMorgan Chase Bank, N.A.
                                        226 Seventh Street – Suite 200
                                        Garden City, New York 11530
                                        Tel.: (516) 747-1400
                                        Fax: (516) 747-1455
                                        E-mail: lmarinello@bzlawny.com